UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITIZENS INSURANCE COMPANY OF THE
MIDWEST,

Plaintiff,

v.

ROGIER ET AL.,

Defendants.

Case No. 17-cv-13036

UNITED STATES DISTRICT COURT
JUDGE
GERSHWIN A. DRAIN

_____/

## ORDER GRANTING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT [# 27][#28] AND MOTION FOR MODIFICATION OF SCHEDULING ORDER [#32]

### I. INTRODUCTION

Presently before the Court are Plaintiff's Motions for Default Judgment and Motion to Extend the Scheduling Order. Dkt. Nos. 27, 28, 32. Plaintiff moves this Court to default Defendants Kimberly Rogier and Joshua Vath for failing to file answers to Plaintiff's complaint. Plaintiff and Third Party Defendants also move this Court to Extend the Scheduling Order by modifying the dispositive motion cutoff and trial dates. For the reasons discussed below, this Court will grant Plaintiff's Motions.

## II. FACTUAL BACKGROUND

On or about August 18, 2016, Defendant Joshua Vath was driving a Chevrolet Malibu that he rear-ended into Defendant Carolyn Witchner's car. Dkt. No. 1, pg. 3 (Pg. ID 3). The Chevrolet Malibu was owned by Vath's mother, Kimberly Rogier. *Id.* at pg. 4 (Pg. ID 4). After the accident, Witchner sought No-Fault benefits for the injuries that she sustained in the accident. *Id.* at pg. 3 (Pg. ID 3). Plaintiff Citizens Insurance Company of the Midwest insured the Chevrolet Malibu under the insured Rogier. *Id.* at pg. 4 (Pg. ID 4). Plaintiff's insurance policy states that it does not provide "coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in obtaining or maintaining this policy or in connection with any accident or loss for which coverage is sought under this policy." *Id.* at pg. 7 (Pg. ID 7). Vath was never listed as an insured on the policy. *See id.* Rogier never informed Plaintiff that her son, Vath, was the primary operator of the Chevrolet Malibu. *Id.* at pg. 5 (Pg. ID 5). Rogier also did not inform Plaintiff that the Chevrolet Malibu was not garaged at the location stated on the insurance policy—the car was garaged at Vath's residence and not Rogier's residence. *Id.* On June 1, 2017, Plaintiff wrote Rogier that her failures to disclose were material misrepresentations because the issuance of the policy would have been different had Rogier made all required disclosures. *See* Dkt. No. 1-9, pg. 3 (Pg. ID 130). Plaintiff stated in the letter that it was rescinding the policy,

effective June 2, 2013. *Id.* Plaintiff refunded Rogier $22,987—the amount of Rogier's insurance policy premiums for the period of June 2, 2013 through September 9, 2016. *Id.*

Plaintiff filed the present action on September 14, 2017. Dkt. No. 1. Plaintiff alleged that Defendant's misrepresentations entitle it to void the insurance policy with Rogier and not pay claims for No-Fault benefits. *Id.* at pg. 6 (Pg. ID 6). Plaintiff claimed that it is entitled to a declaration that it is not responsible for payment of past, present, and future No-Fault benefits incurred by and/or on behalf of Defendant Witchner. *Id.* at pg. 9 (Pg. ID 9). Plaintiff also argued it is entitled to a determination that it is not under an obligation to Defendant Vath or Rogier should litigation arise out of the ownership/operation of the Chevrolet Malibu. *Id.*

Service was effected on Defendant Rogier on September 19, 2017. Dkt. No. 11. Service was effected on Defendant Vath on October 5, 2017. Dkt. No. 9. Neither party filed an answer to Plaintiff's complaint. On December 4, 2017, Plaintiff requested an entry of default as to Rogier and Vath. Dkt. Nos 18, 19. The clerk entered default against Rogier and Vath on December 4, 2017. Dkt. Nos. 20, 21. On April 2, 2018, Plaintiff filed its Motions for Default Judgment against Rogier and Vath. Dkt. Nos. 27, 28. On May 7, 2018, Defendant Witchner filed responses to the default motions past the filing deadline. Dkt. Nos. 37, 38. Plaintiff filed a reply on May 11, 2018, arguing that Witchner lacks standing to object to the

entry of default judgments against Rogier and Vath. Dkt. No. 39 Plaintiff and Third Party Defendants Hylant Group, Inc. and Kristin Osentoski filed a Motion for Modification of Scheduling Order on April 13, 2018. No response was filed to the request to modify the scheduling order.

### III. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A default judgment is governed by Fed. R. Civ. P. 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000); *see also Ramada Franchise Sys. Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("Entry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b)."). Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages. *See Kelley v. Carr*, 567 F. Supp. 831, 840 (W.D. Mich. 1983).

### IV. DISCUSSION

Plaintiff asserts that it is entitled to default judgment against Defendants Rogier and Vath for failure to respond to its complaint. Plaintiff argues that

Defendant Witchner does not have standing to object to the default motions pending against Rogier and Vath. Further, in its complaint, Plaintiff asserts that it is entitled to relief because Rogier made material misrepresentations on her insurance policy. Dkt. No. 1, pg. 6 (Pg. ID 6). Rogier failed to disclose that her son, Defendant Vath, was an operator of the Chevrolet Malibu, and failed to disclose the correct location of where the car was garaged. *Id.* Defendants assert that any non-disclosures were not material. Dkt. No. 37, pg. 12 (Pg. ID 440).

Federal Rule of Civil Procedure states that "[w]hen a party against whom a default judgment . . . is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). In this case, the parties against whom the default judgment is sought—Rogier and Vath—failed to respond in this action. Therefore, default judgment is appropriate against them.

Plaintiffs were also entitled to void its insurance policy with Rogier. Under Michigan law, the insurer is entitled to rescind an insurance policy if there is a material misrepresentation made in an application for No-Fault insurance. *Auto-Owners Ins. Co. v. Johnson*, 530 N.W.2d 485, 487 (Mich. Ct. App. 1995). A misrepresentation is material if communication of it would have "substantially increase[ed] the chances of loss insured against so as to bring about a rejection of the risk or the charging of an increased premium." *Oade v. Jackson Nat'l Life Ins. Co. of Mich.*, 632 N.W.2d 126, 131 (Mich. 2001).

Here, Plaintiff brought evidence to show that the policy it issued to Rogier would have changed if Rogier had made all the required disclosures. In its letter sent to Rogier on June 1, 2017, Plaintiff stated that the misrepresentations made impacted the policy that it gave to Rogier. Dkt. No. 1-9, pg. 3 (Pg. ID 130). Additionally, Plaintiff stated that it was rescinding the policy and issued a refund to Rogier. *Id.* The letter stated that acceptance of the refund was an acknowledgment of the rescission. *Id.* There is no evidence that Rogier rejected the refund.

In conclusion, this Court will grant Plaintiff's Motion and enter default as to Defendants Rogier and Vath. Further, this Court holds that Plaintiff was entitled to rescind its insurance policy with Rogier. Plaintiff is not under obligation to pay No-Fault benefits incurred by and/or on behalf of Defendant Witchner.

Lastly, Plaintiff requests an extension of the dispositive motion deadline and trial date to give the Third Party Defendants more time to engage in discovery. Dkt. No. 32, pg. 4 (Pg. ID 416). Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." In this case, the Court finds that good cause exists to modify the scheduling order and will grant Plaintiff's Motion for Modification of Scheduling Order.

## V. CONCLUSION

For the reasons discussed herein, this Court will grant Plaintiff's Motions. Default judgment is granted against Defendants Kimberly Rogier and Joshua Vath. This Court will also modify the scheduling order. The Court will enter an updated scheduling order after the issuance of this Opinion and Order.

SO ORDERED.

Dated: May 17, 2018

s/Gershwin A. Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge